UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ABDOULAYE TRAORE,

                              Plaintiff,

          -against-

NYC DEPARTMENT OF CORRECTIONS;
MEDICAL STAFF AT RIKERS ISLAND,

                              Defendants.

22-CV-1430 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that Defendants were deliberately indifferent to his medical needs when he was detained in the Anna M. Kross Center (AMKC) on Rikers Island. By order dated February 25, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without payment of the filing fees. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings this action regarding events that began on November 9, 2021, when he was taken into custody by the New York City Department of Correction (DOC) on a parole violation. (*See* ECF 2, at 2, 4.) He sues DOC and "Medical Staff at Rikers." The following allegations are taken from the complaint. Prior to being taken into custody, Plaintiff was taking prescription medication "to address his mental health needs." (*Id.* at 4.) He required these medications to keep him "stable mentally." (*Id.*) Once he arrived at Rikers, however, DOC did not provide Plaintiff "any treatment for weeks," which caused Plaintiff to become "unstable" and "fearful of the threats of this current living situation" in AMKC. (*Id.*)

Plaintiff states that he has "a long history of being in New York City & State Department of Corrections," and that he has received his medications in the past. (*Id.*) He alleges that he called 311 to complain "over 40" times and his criminal defense attorney called the jail "numerous times" to complain about the failure to provide him with his mental health medications. (*Id.*)

Plaintiff seeks money damages.

## DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

### A.    New York City Department of Correction

Plaintiff's claims against DOC must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

In light of Plaintiff's *pro se* status and his clear intention to assert claims against the City of New York, the Court construes the complaint as asserting claims against the City of New York, and directs the Clerk of Court to amend the caption of this action to replace DOC with the City of New York. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses the City of New York may wish to assert.

When a plaintiff sues a municipality under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 131 S. Ct. 1350, 1359 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Here, Plaintiff fails to allege facts suggesting that the City of New York has a policy, custom, or practice of failing to provide detainees with required medication. The Court grants Plaintiff leave to file an amended complaint alleging facts suggesting, for example, that the City has a custom, policy, or practice of failing to properly screen detainees' medical needs upon admission or otherwise failing to regularly monitor or meet their medical requirements.

**B.      "Medical Staff at Rikers Island"**

The Court must dismiss Plaintiff's claims against the "Medical Staff at Rikers Island" because the medical staff is not considered a person under Section 1983. *See, e.g.*, *Kerr v. Cook*, No. 3:21-CV-0093 (KAD), 2021 WL 765023, at *4 (D. Ct. Feb. 26, 2021) (holding that correctional facility "medical staff" is a not person under Section 1983); *Connor v. Hurley*, No. 00-CV-8354 (LTS) (AJP), 2004 WL 885828, at *3 (S.D.N.Y. Apr. 26, 2004) (holding that Green

Haven Correctional Facility "medical staff" is not a person under Section 1983); *Ferguson v. Morgan*, No. 90-CV-6318 (JSM), 1991 WL 115759 (S.D.N.Y. June 20, 1991) (holding that claim against prison medical staff, without naming a particular person, did not name a person under Section 1983). The Court therefore dismisses Plaintiff's claims against "Medical Staff at Rikers Island" for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff is granted leave to amend his Section 1983 claims to name as defendants the individual DOC staff members who he alleges violated his rights, as described below, and the dismissal of the claim against "Medical Staff" is without prejudice to the pursuit of claims against such individuals.

## C.     Deliberate Indifference to Medical Needs

Plaintiff alleges in the complaint that, at the time of the events giving rise to his claims, he was detained as a parole violator. (*See* ECF 2, at 2.) Although the Second Circuit has not resolved the issue, district courts in this Circuit generally analyze deliberate indifference claims made by detained parolees as arising under the Fourteenth Amendment. *See Blanch v. Schiff*, No. 18-CV-838 (NSR), 2021 WL 1177743, at *9 (S.D.N.Y. Mar. 26, 2021) ("The Second Circuit has not definitively addressed whether individuals detained for parole violations fall under the Eighth or Fourteenth Amendment. *Horace v. Gibbs*, 802 F. App'x 11, 14 (2d Cir. 2020). However, multiple courts within this circuit have held that that parolees fall under the Due Process Clause of the Fourteenth Amendment."); *Ruggiero v. Cnty of Orange*, No. 19-CV-3632, 2020 WL 5096032, at *8 (S.D.N.Y. Aug. 28, 2020) ("[S]ome courts have held probation violators are akin to pretrial detainees and thus analyzed their claims under the more lenient Due Process Clause of the Fourteenth Amendment"). The Court therefore assumes for the purposes of this order that Plaintiff's claims for inadequate medical care arise under the Due Process Clause of the Fourteenth Amendment.

To state a claim for constitutionally inadequate medical care under the Due Process Clause, a plaintiff must satisfy two elements: (1) an "objective" element, establishing that the challenged conditions are sufficiently serious, and (2) a "mental" element, which requires a showing that the officer acted with at least deliberate indifference to the challenged conditions. *Bell w. Wolfish*, 441 U.S. 520, 536 n.16 (1979).

To satisfy the objective element, a plaintiff must allege "that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health" or safety, which "includes the risk of serious damage to 'physical and mental soundness.'" *Darnell v. Pineiro*, 849 F.3d 17, 30 (2d Cir. 2017) (citing *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013), and quoting *LaReau v. MacDougall*, 473 F.2d 974, 978 (2d Cir. 1972)). When medical treatment was provided, but a complaint alleges that treatment was delayed or inadequate, the relevant concern is not "the severity of the prisoner's underlying medical condition," but the "particular risk of harm faced by a prisoner due to the challenged deprivation of care." *Smith v. Carpenter*, 316 F.3d 178, 186 (2d Cir. 2003) (holding that issue was not whether HIV is a serious illness but whether the brief delay in obtaining HIV medication risked serious harm); *Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006) (seriousness inquiry is focused on the alleged inadequacy).

To satisfy the second element – the "subjective" or "mental" element – a parole violator must allege facts indicating "that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Darnell*, 849 F.3d at 35. Negligence is not a basis for a claim of a federal constitutional violation under Section 1983. *See*

*Daniels v. Williams*, 474 U.S. 327, 335-36 (1986); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986).

Here, Plaintiff fails to allege sufficient facts to state a constitutional claim for inadequate medical care. Plaintiff alleges that he has a serious mental illness, but he alleges few specific facts about the nature of his condition, and he does not state how long he was without his medication. With regard to the subjective element, Plaintiff alleges that he and his attorney complained to the jail about the failure to provide him with medication, but he does not allege facts suggesting that any individual defendant failed to provide him with his medication even though that individual knew or should have known of the risk posed to Plaintiff. Plaintiff therefore fails to state a Section 1983 claim for inadequate medical care. In his amended complaint, Plaintiff should allege any additional facts about the nature of his mental illness and the medication that he is required to take to treat his condition. He should also name as defendants in the amended complaint any individual Rikers employees who he alleges were deliberately indifferent to his medical needs. If Plaintiff does not know their names, he may refer to them as "John Doe" or "Jane Doe," and should provide any identifying information he has, such as physical characteristics or badge numbers.  As explained above, if he wishes to pursue his claims against the City of New York, he must also allege facts indicating that any deprivation of his rights was the result of a policy, custom or practice of the City.

### LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to

amend at least once when a liberal reading of the complaint gives any indication that a valid

claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v.*

*USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).

Because Plaintiff may be able to allege additional facts to state a valid Section 1983

municipal liability claim against the City of New York or a Section 1983 claim against an

individual defendant for inadequate medicate care, the Court grants Plaintiff 60 days' leave to

amend his complaint to detail his claims. To state a valid municipal liability claim against the

City of New York, Plaintiff should allege facts suggesting that the City has a custom, policy, or

practice that has caused a violation of Plaintiff's rights, such as a practice of failing to obtain

necessary medical information from arriving detainees.

To state a valid Section 1983 claim for inadequate medical care against individual DOC

employees, Plaintiff should allege specific facts about the nature of his medical condition and his

required medication, name as defendants those individuals who were personally involved in

violating his rights, and allege facts suggesting that the individual defendants knew of, or should

have known of, a serious risk to Plaintiff's medical needs and disregard that risk. If Plaintiff does

not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe"

in both the caption and the body of the amended complaint.[1] The naming of John Doe

defendants, however, does *not* toll the three-year statute of limitations period governing this

action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe"

defendants and amending his complaint to include the identity of any "John Doe" defendants

before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party

---

[1] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty March 3, 2022, at AMKC during the 7-3 p.m. shift."

after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

    a) the names and titles of all relevant people;

    b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

    c) a description of the injuries Plaintiff suffered; and

    d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

The Court dismisses Plaintiff's claims against "Medical Staff at Rikers Island" for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court dismisses Plaintiff's claims against the New York City Department of Correction. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court is directed to add the City of New York as a Defendant under Fed. R. Civ. P. 21.

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 22-CV-1430 (LTS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:    March 7, 2022
          New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**AMENDED
COMPLAINT**

under the Civil Rights Act,
42 U.S.C. § 1983

Jury Trial: ☐ Yes    ☐ No

(check one)

\_\_\_ **Civ.** _____ ( )

**I.     Parties in this complaint:**

A.     List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff's     Name_____
        ID#_____
        Current Institution_____
        Address_____
        _____

B.     List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1     Name _____ Shield #_____
            Where Currently Employed _____
            Address _____
            _____

*Rev. 01/2010*

Defendant  No. 2    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant  No. 3    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

**Who did what?**

Defendant  No. 4    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant  No. 5    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

## II.    Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    In what institution did the events giving rise to your claim(s) occur?

_____

_____

B.    Where in the institution did the events giving rise to your claim(s) occur?

_____

C.    What date and approximate time did the events giving rise to your claim(s) occur?

_____

_____

_____

D.    Facts:_____

**What happened to you?**

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**Was anyone else involved?**

_____
_____
_____
_____
_____

**Who else saw what happened?**

## III.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____
_____
_____
_____

## IV.    Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   Administrative remedies are also known as grievance procedures.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

   Yes _____    No _____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____
_____
_____

B.      Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

       Yes _____     No _____     Do Not Know _____

C.      Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

       Yes _____     No _____     Do Not Know _____

       If YES, which claim(s)?
       _____

D.      Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

       Yes _____     No _____

       If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

       Yes _____     No _____

E.      If you did file a grievance, about the events described in this complaint, where did you file the grievance?
       _____

       1.      Which claim(s) in this complaint did you grieve?
        _____

        _____

       2.      What was the result, if any?
        _____

        _____

       3.      What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process.
        _____
        _____
        _____
        _____

F.      If you did not file a grievance:

       1.      If there are any reasons why you did not file a grievance, state them here:
        _____
        _____
        _____

_____
_____
_____

    2.       If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

_____
_____
_____
_____
_____
_____
_____

G.      Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_____
_____
_____
_____
_____
_____
_____
_____

<u>Note</u>:    You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

**V.**    **Relief:**

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

*Rev. 01/2010*                

_____
_____
_____
_____

**VI.     Previous lawsuits:**

On
these
claims

A.      Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

        Yes _____   No _____

B.      If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

        1.      Parties to the previous lawsuit:

        Plaintiff _____
        Defendants _____

        2. Court (if federal court, name the district; if state court, name the county) _____
        _____

_____   3.      Docket or Index number _____

_____   4.      Name of Judge assigned to your case_____

        5.      Approximate date of filing lawsuit _____

        6.      Is the case still pending?  Yes _____   No _____

                If NO, give the approximate date of disposition_____

        7.      What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____
                _____
                _____

On
other
claims

C.      Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

        Yes _____       No _____

D.      If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

        1.      Parties to the previous lawsuit:

        Plaintiff _____
        Defendants _____

        2.      Court (if federal court, name the district; if state court, name the county) _____
        _____

_____   3.      Docket or Index number _____

_____   4.      Name of Judge assigned to your case_____

        5.      Approximate date of filing lawsuit _____

*Rev. 01/2010*                         6

6.      Is the case still pending?  Yes _____   No _____

If NO, give the approximate date of disposition_____

7.      What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?)  _____

_____

_____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this _____ day of _____, 20___.

|                          |                                               |
|--------------------------|-----------------------------------------------|
| Signature of Plaintiff   | _____       |
| Inmate Number            | _____       |
| Institution Address      | _____       |
|                          | _____       |
|                          | _____       |
|                          | _____       |

<u>Note</u>:   All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff:  _____

*Rev. 01/2010*                                    7